IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE ALBERT SMITH,

    Plaintiff,
v.                                                      CASE NO. 1:16-cv-31-MP-GRJ

CLASSIFICATION
SUPERVISOR HILL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie Albert Smith, DOC #040330, an inmate presently confined at Mayo Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff concedes that he is subject to the 28 U.S.C. § 1915(g) three-strikes bar, but contends that he is entitled to proceed as a pauper in this case pursuant to the "imminent danger" exception. For the following reasons, the undersigned recommends that this case be dismissed pursuant to the three-strikes bar and for failure to exhaust administrative remedies before filing.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar. *See, e.g.*, *Smith v. Mercer*, Case No. 3:14-cv-1156-TJC-PDB (M.D. Fla. 9/25/14) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff alleges that on an unspecified date in 2015, while he was confined at Columbia CI, he was attacked and robbed at knifepoint by three gang members. Plaintiff was subsequently transferred to Mayo CI in March 2015. Plaintiff alleges that he has "constantly tried to press charges" against the gang members who attacked him at Columbia CI, but

"all has been for naught." Plaintiff alleges that he is known as a writ-writer and that prison officials retaliate against him by denying him medical care. He alleges that he was battered by an officer who "thumped paper" in his eye. Plaintiff alleges that only Classification Supervisor Hill and the Inspector General know why he was transferred to Mayo CI and that he wants to press charges against the Columbia CI gang members.

Plaintiff alleges that on January 19, 2016, he was placed in protective confinement because "a request slip was unsigned but writted [sic] about killing me." He alleges that he was told that he would be recommended for transfer on February 28, 2016. On February 1, 2016, an inmate was placed in Plaintiff's cell with him and Plaintiff complained because he is supposed to be housed alone while under protective management. He alleges that Defendant Hill told another officer that she was not going to designate Plaintiff to be housed alone. He claims that the inmate told him that "someone in administration had told [him]" that Plaintiff was trying to get the Columbia CI gang members "more time." Plaintiff alleges that in 2013 an inmate at the Reception and Medical Center was killed by gang members while in confinement, and that the "very same situation" occurred

at Columbia CI in 2014.  Plaintiff concludes that "the situation could transpire with me because I am not housed alone."

Plaintiff alleges that when a cellmate goes to disciplinary court and receives disciplinary time, Plaintiff is given a new cellmate.  He suggests that "one of them may be affiliated with the gang or gangs that want to kill me."  He contends that Defendant Hill "leaked" classified information about Plaintiff and is not providing protection to Plaintiff "in a calculated move of reprisal and murder."  For relief, Plaintiff seeks termination of Defendant Hill and compensatory and punitive damages.  ECF No. 1 at 5-6.

Liberally construed, the Complaint as a whole does not allege facts that suggest that Plaintiff is in imminent danger of serious physical injury. Rather, Plaintiff's allegations reflect that when a threat to his safety was identified he was placed in protective management on January 19, 2016, and that he is being scheduled for transfer to a different facility.  Plaintiff asserts that a potential future cellmate "may be affiliated" with a gang that wants to harm him, but this assertion is wholly speculative and falls far short of showing that Plaintiff is facing a "real and proximate" threat of harm.  *See Lewis*, 279 F.3d at 531.

Because Plaintiff's allegations do not show that serious physical injury is imminent, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Further, it is apparent from the face of the Complaint, which was signed on February 8, 2016, that Plaintiff has not exhausted the DOC's three-step administrative remedy process[1] with respect to his claim that he learned on February 1, 2016, that Defendant Hill would not designate him to be housed alone and that someone had leaked confidential information about Plaintiff and his efforts to have charges brought against the Columbia CI gang members. Pursuant to the Prison Litigation Reform Act

---

[1] The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance. *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

(PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides an additional ground for dismissal without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (ECF No. 2) should be **DENIED,** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the

28 U.S.C § 1915(g) three-strikes bar and for failure to exhaust administrative remedies.

**IN CHAMBERS** this 12th day of February 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.